FILED
United States Court of Appeals
Tenth Circuit

September 5, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EDGAR TIEDEMANN,

        Petitioner - Appellant,

v.

ALFRED BIGELOW,

        Respondent - Appellee.

No. 13-4066

(D. Utah)

(D.C. No. 2:10-CV-00803-CW)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

After Applicant Edgar Tiedemann was convicted in Utah state court of two counts of murder and one count of attempted murder, he was sentenced to two terms of five-years-to-life imprisonment and one term of one-to-15 years' imprisonment. He applied for relief under 28 U.S.C. § 2254 in the United States District Court for the District of Utah, and that court denied his application. He now seeks a certificate of appealability (COA) to allow him to challenge that denial. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring COA to appeal denial of § 2254 relief). We deny the application for COA and dismiss the appeal.

In November 1991 Applicant fatally shot Susan Sessions and her brother-in-law, Charles Timberman, while they were staying as overnight guests at his trailer. He also shot Sessions' son, Scott Bunnell, Jr., paralyzing him below his

arms. After a lengthy period of incompetence, Applicant was charged and trial was set. He took a partially successful pretrial interlocutory appeal to challenge some of the evidence. He was then convicted and sentenced in May 2008. The Utah Court of Appeals affirmed his convictions and sentence, and Applicant did not seek review from the Utah Supreme Court.

In August 2010 Applicant filed the present § 2254 application, raising one claim. A later-filed § 2254 application raising five additional claims was consolidated with this application, and the district court denied relief on all claims.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id*. If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court

was correct in its procedural ruling." *Id*. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides that when a claim has been adjudicated on the merits in a state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). As we have explained:

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (brackets and internal quotation marks omitted). Relief is provided under the "unreasonable application" clause "only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (brackets and internal quotation

marks omitted). Thus, a federal court may not issue a habeas writ simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. *See id.* Rather, that application must have been unreasonable. Therefore, for those of Applicant's claims that the state courts adjudicated on the merits, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [his] request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

The district court concluded that four of Applicant's claims were procedurally barred: (1) that the police erased or failed to record a portion of his interrogation, thereby violating his right against coerced interrogation; (2) that one of the trial jurors should have been excluded for cause because she worked for a law-enforcement agency; (3) that the police ignored his request for an attorney during his interrogation, thus violating his right against coerced interrogation; and (4) that his trial counsel was constitutionally ineffective. The district court concluded that none of these claims had been exhausted in the Utah courts and that they were subject to an anticipatory procedural bar. *See Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) ("[I]f a petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." (internal quotation marks

omitted)).  We agree.  Applicant does not argue that the district court erred in finding these four claims procedurally barred, and reasonable jurists would not debate the district court's decision.

Applicant's fifth claim is that his federal due-process rights were violated when police destroyed before trial most of the physical evidence connected with his case.  The government's destruction of evidence potentially relevant to a criminal proceeding violates due process if the evidence "possess[ed] an exculpatory value that was apparent before the evidence was destroyed, and [was] of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means."  *California v. Trombetta*, 467 U.S. 479, 489 (1984).  A due-process violation is also established if the defendant can show "bad faith on the part of the police" in destroying "potentially useful evidence."  *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988).  Applicant did not claim in his § 2254 application that any of the evidence possessed an exculpatory value apparent before it was destroyed.  And the Utah Supreme Court, in deciding Applicant's pretrial interlocutory appeal, held that he had "not shown . . . bad faith on the part of the State, and [that] the reasons for the loss of the evidence are entirely routine and benign:  the passage of a very long period of time and the State's assumption, based on expert testimony, that [Applicant] would never become competent to stand trial."  *State v. Tiedemann*, 162 P.3d 1106, 1117 (Utah

2007). No reasonable jurist would debate that this constituted a reasonable determination of the facts in light of the evidence presented to the court.

Applicant's sixth claim is that he was subjected to coercive interrogation when officers ignored his invocation of his right to remain silent under *Miranda v. Arizona*, 384 U.S. 436 (1966). The Utah Supreme Court adjudicated this claim on the merits in Applicant's interlocutory appeal. It held that Applicant clearly and unambiguously waived his *Miranda* rights at the outset of the interrogation, *see Tiedemann*, 162 P.3d at 1110, but then invoked his right to remain silent by saying "I don't want to talk about it" in response to a question about "what happened to" Susan Sessions, *id.* at 1118 (internal quotation marks omitted). The court held that this invocation of the right to remain silent was unambiguous as to questions about Susan, and therefore excluded all of Applicant's responses to questions specifically about Susan. But because the officers unsuccessfully attempted to obtain clarification about what Applicant did not want to discuss and they repeatedly advised him that he could refuse to answer any question, his responses to questions that did not specifically mention Susan, even when the responses contained information about Susan, were not excluded. *See id.* at 1119. The district court held that the Utah Supreme Court's evaluation of the *Miranda* issue constituted a reasonable application of Supreme Court precedent. Reasonable jurists would not debate the district court's conclusion.

We DENY Applicant's motion for COA and DISMISS the appeal. We GRANT his application to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge